U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2022 MAY -5 AM 10: 52

CLERK
BY _____
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
## DISTRICT OF VERMONT

| | |
|---|---|
| JOHN DOE,<br><br>Plaintiff,<br><br>v.<br><br>LLOYD AUSTIN, in his official capacity as Secretary of Defense; CHRISTINE WORMUTH, in her official capacity as the Secretary of the Army; DANIEL R. HOKANSON, in his official capacity as Chief of the National Guard Bureau; JON A. JENSEN, in his official capacity as Director of the Army National Guard; GARY M. BRITO, in his official capacity as Deputy Chief of Staff, G-1 of the United States Army; GREGORY NIGHT, in his official capacity as Adjutant General of the Vermont National Guard; the UNITED STATES NATIONAL GUARD BUREAU; the UNITED STATES ARMY NATIONAL GUARD; the UNITED STATES DEPARTMENT OF DEFENSE; and the VERMONT NATIONAL GUARD,<br><br>Defendants. | Civil Action No.: 2:22-cv-96 |

## MOTION TO ALLOW PLAINTIFF TO PROCEED UNDER A PSEUDONYM AND TO FILE IDENTIFYING DOCUMENTS UNDER SEAL

Plaintiff John Doe, through his undersigned counsel, respectfully requests that this Court grant this motion to proceed under the pseudonym "John Doe," and, pursuant to Fed. R. Civ. P. 52 and Local Rule 5.2, enter an order permitting all documents containing identifying information to be filed under permanent seal to be viewed by the Court *in camera*, with redacted versions made part of the public record, or in the alternative, to be designated Attorneys' Eyes Only and accessible only by the Court and Defendants' counsel (the "Motion"). In support of this Motion, Plaintiff states as follows.

1

1. Concurrently with this Motion, Plaintiff has filed a Complaint alleging that the military's policies and procedures regarding HIV positive recruits and service members violate the Equal Protection Clause, the Administrative Procedure Act, and the military's own regulations.

2. Plaintiff is a twenty-one-year-old man living with HIV and attending Norwich University, a military college located in Vermont. He is challenging his separation from the Vermont National Guard and from the military components of Norwich's ROTC program on the basis of his HIV-positive status. As relevant here, Plaintiff has alleged that his separation will likely lead to a forced disclosure of his HIV status, in order to explain why he was removed, without process or a hearing, from a promising military career.

3. Plaintiff seeks to proceed pseudonymously to ensure his HIV status is not disclosed to the public at large. An affidavit in support of this Motion is attached hereto as **Exhibit A (Under Seal)**.

4. Federal Rule of Civil Procedure 10(a) requires that "[t]he title of a complaint must name all the parties." Under limited circumstances, however, courts allow parties to proceed under a pseudonym, such as "John Doe," to preserve their anonymity.

5. The Second Circuit has set forth a balancing test courts must apply when weighing a "plaintiff's interest in anonymity" against "both the public interest in disclosure and any prejudice to the defendant." *U.S. v. Pilcher*, 950 F.3d 39, 42 (2d Cir. 2020) (*quoting Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008)). These non-exhaustive factors are: "(1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to an innocent party; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated

against would be incurred as a result of the disclosure of the plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of the prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff." *Id.* (*quoting Sealed Plaintiff*, 537 F.3d at 190) (internal citations omitted).

6.  Here, almost every factor weighs heavily in Plaintiff's favor or is neutral.

7.  As to the first four factors, this litigation involves Plaintiff's HIV-positive status, which the Second Circuit has recognized is an immensely sensitive personal detail deserving of confidentiality. *See Doe v. City of New York*, 15 F.3d 264, 267 (2d Cir. 1994) ("Individuals who are infected with the HIV virus clearly possess a constitutional right to privacy regarding their condition…An individual revealing that she is HIV seropositive potentially exposes herself not to understanding or compassion but to discrimination and intolerance, further necessitating the extension of the right to confidentiality over such information."). Forced disclosure would incur stigma, discrimination, and the loss of social, professional, and educational opportunities; it would thereby incur the very deprivations Plaintiff is trying to remediate through this litigation. Finally,

3

although Plaintiff is a legal adult, he is relatively young (21 years old) and a student at a small university and would suffer significant social setbacks if forced to disclose his HIV-positive status.

8. As to the remaining factors, there is no prejudice to Defendants, who are already aware of Plaintiff's identity. Plaintiff has also gone to great lengths to keep his identity and HIV-positive status confidential, with only limited family, friends, medical personnel, school personnel and military officers aware of his status and separation. No public interest will be served by requiring disclosure, as this case involves purely legal challenges to the constitutionality and lawfulness of military policies. Finally, no available alternative remedies exist for protecting Plaintiff's confidentiality.

9. Courts considering the issue have routinely determined that a plaintiff's HIV-positive status is a "compelling reason for allowing [them] to proceed under a pseudonym." *Roe v. City of Milwaukee*, 37 F.Supp.2d 1127, 1129 (E.D. Wis. 1999); *accord Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011); *W.G.A. v. Priority Pharmacy, Inc.*, 184 F.R.D. 616, 617 (E.D. Mo. 1999); *Acevedo v. Capra*, No. 20-CV-07361, 2021 WL 1725735 at *2 (S.D.N.Y. Mar. 8, 2021).

10. As sister courts in this Circuit have observed, a motion to proceed pseudonymously, standing alone, will not protect privacy where "exhibits to the complaints…disclose plaintiffs' identities." *V.R. v. Bd. of Educ. of the City of N.Y.*, No. 03-cv-1031, 2003 WL 156954 at *1 (S.D.N.Y. Mar. 13, 2003). Sealing of documents that identify Plaintiff should therefore also be allowed.

11. The public has minimal rights to access unredacted documents containing personally identifying and sensitive medical information that Plaintiff seeks to protect, which will include declarations from Plaintiff and his treating physicians, the retention packet sent to the National Guard, his initial medical assessment form from enlistment, and communications

4

between Plaintiff and Norwich's ROTC Department. Insofar as any presumption of access attaches, it is easily outweighed by Plaintiff's interests in confidentiality. *Lugosch v. Pyramid Co. of Onondaga,* 435 F.3d 110, 119-20 (2d Cir. 2006).

12. The documents that are central to the issues raised by this litigation—namely, Defendants' policies—are widely available and will be publicly filed. The public does not need Plaintiff's name, date of birth, address, medical history, or other identifying information in order to monitor and understand this litigation.

13. Other courts evaluating the lawfulness of the military's policies regarding HIV have permitted plaintiffs to proceed pseudonymously and to file documents with identifying information under seal. *See, e.g., Roe v. Shanahan*, 359 F.Supp.3d 382, 392 n.1 (E.D. Va. 2019), *aff'd* 947 F.3d 207 (4th Cir. 2020); *Deese v. Esper*, 483 F.Supp.3d 290, 297 n.1 (D. Md. 2020).

14. Because filing declarations, exhibits, and other documentation with identifying information would produce the same harm as proceeding under his own name and for all the reasons outlined above, Plaintiff requests the Court enter an Order that all such records be filed under seal, with redacted copies made available for the public record.

WHEREFORE, Plaintiff respectfully requests that the Court grant his Motion to Proceed Under a Pseudonym and, pursuant to Fed. R. Civ. P. 5.2 and Local Rule 5.2, enter an Order permitting all documents containing identifying information to be filed under permanent seal to be viewed by the Court *in camera*, with redacted versions made part of the public record, or in the alternative, to be designated Attorneys' Eyes Only and accessible only by the Court and Defendants' counsel.

Dated: May 4, 2022    Respectfully submitted,

**JOHN DOE,**

By his attorneys,

*/s/ Kierstan Schultz*

Kierstan E. Schultz, Esq.
NIXON PEABODY LLP
900 Elm Street, 14th Floor
Manchester, NH 03101
Tel.: 603-628-4031
kschultz@nixonpeabody.com

Christopher E. Queenin, Esq. (*pro hac vice application forthcoming*)
Krithika Rajkumar, Esq. (*pro hac vice application forthcoming*)
NIXON PEABODY LLP
Exchange Place
53 State Street
Boston, MA 02109
Tel: 617-345-1000
cqueenin@nixonpeabody.com
krajkumar@nixonpeabody.com

Sophia L. Hall, Esq. (*pro hac vice application forthcoming*)
Oren Sellstrom, Esq. (*pro hac vice application forthcoming*)
LAWYERS FOR CIVIL RIGHTS
61 Batterymarch Street, 5th Floor
Boston, MA 02110
Tel: 617-984-0274
shall@lawyersforcivilrights.org
osellstrom@lawyersforcivilrights.org

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing document with the Court via regular U.S. mail, postage prepaid and mailed on May 4, 2022 a true and accurate copy of the document via certified mail to Defendants at:

| | |
|---|---|
| Attorney General for the United States<br>U.S. Department of Justice<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530-0001 | United States Attorney for the District of Vermont<br>United States Courthouse and Federal Building<br>Post Office Box 570<br>11 Elmwood Avenue, 3rd Floor<br>Burlington, VT 05402-0570 |
| Vermont Attorney General<br>109 State Street<br>Montpelier, VT 05609 | United States National Guard Bureau<br>111 South George Mason Dr.<br>Arlington, VA 22204 |
| United States Army National Guard<br>111 South George Mason Dr.<br>Arlington, VA 22204 | United States Department of Defense<br>1400 Defense Pentagon Washington, DC 20301 United States |
| Vermont National Guard<br>789 Vermont National Guard Rd.<br>Colchester, VT 05446-3099 | Christine Wormuth, Secretary of the Army<br><br>Office of the Secretary of the Army,<br>101 Army Pentagon<br>Washington, DC 20310-0101 |
| Daniel R. Hokanson, Chief of the National Guard Bureau<br><br>1636 Defense Pentagon, STE 1E169,<br>Washington, DC 20301-0001 | Jon A. Jensen, Director of the United States Army National Guard<br><br>111 South George Mason Dr.<br>Arlington, VA 22204 |
| Gary M. Brito, Chief of Staff, G-1, of the United States Army<br><br>300 Army Pentagon<br>Washington, DC 20310-0300 | |

_____
Kierstan E. Schultz

7